Cawley *v.* Leonard.

---

Samuel B. Cawley and wife

and

William H. Leonard and others.

1. An enrollment will be vacated and a decree opened after sale under it, on circumstances where it has been made unjustly against a right or interest that has not been heard or protected, and this has been done without laches or fault in the party who applies.

2. It is matter of sound discretion, and mere lapse of time will not prevent such action where there are no intervening rights; and such rights, if any, will be protected.

3. Failure to record deeds of conveyance is not such laches as will prevent the relief, where there are circumstances showing such neglect to be immaterial and excusable.

---

The petition of Jane F. Cawley and Samuel B. Cawley, her husband, of Philadelphia, in the state of Pennsylvania,

shows that a final decree for the foreclosure and sale of certain mortgaged premises, including lots of land of the petitioner, Jane F. Cawley, in the cemetery of the New York Bay Cemetery Company, was made in a suit instituted originally by Jacob Vreeland against Benjamin Broomhead; and that another final decree was entered under supplemental bill and bill of revivor, filed by William H. Leonard, to whom the mortgage and former decree had been assigned. It prays that these decrees may be opened so far as they affect the lots of land of said Jane F. Cawley; that the conveyances made on the master's sale of said lots be set aside, and that the petitioners be admitted to defend in said suits, that their rights may be adjudged according to equity.

A supplementary petition was filed by the petitioners to bring in other parties, to whom conveyances had been made since the filing of the original petition. The case on proofs was argued before the vice-chancellor, who advised that the same be dismissed with costs, and the order was signed by the chancellor. From this order the appeal is taken.

The opinion of the vice-chancellor is reported *ante* 192.

*Mr. Gilbert Collins,* for appellants.

*Messrs. L. & A. Zabriskie,* for appellees.

Scudder, J.

When the complainant, William H. Leonard, filed his supplemental bill, (January 11, 1871,) all the lots of land claimed by the petitioner, Jane F. Cawley, had been conveyed to her by two several deeds of James T. Leete and Joseph W. Pharo. But these deeds were not recorded, and she was not made a party defendant. Her husband, Samuel B. Cawley, was made a party because it was supposed he had some interest in the cemetery lots, as he had been a former owner and these lots still stood in his name on the company's books. The transfers from Cawley to Leete and

Cawley v. Leonard.

Pharo, and from Leete and Pharo to Mrs. Cawley, were not entered on the books of the company.   James T. Leete and Joseph W. Pharo were made defendants because the records of their respective deeds from Samuel B. Cawley showed them to be owners.   These grantors to Mrs. Cawley were therefore made parties, while her name and title did not appear in the bill of complaint.   It was clearly her own fault that she was omitted, for if she had recorded her deeds the complainant would have had notice of her title.   It was not necessary for the complainant to make the petitioners defendants in the bill of foreclosure.   If Leete and Pharo's heirs were necessary parties, after Leete and Pharo, in his lifetime, had conveyed the lots in controversy to Mrs. Cawley, and when they had ceased to have any interest in the mortgaged premises before the supplemental bill was filed by Leonard, it is not the right of the petitioners in these proceedings to object that sufficient notice was not given to these former owners.   There was due publication of notice to Samuel B. Cawley, under section 18 of the chancery act, (*Rev.* p. 106), and the rules of the court.  · He and his wife had lived in Philadelphia when the deeds were made by them to Leete and Pharo ; afterwards at Bay Cemetery for two years ; then at Astoria, Long Island, for nine years ; and since that they have lived in Philadelphia again.   The proofs show that the solicitor made diligent inquiry and caused due publication to be made.   The chancellor has decided that the notice was satisfactory to him, and there is no reason shown to doubt its sufficiency.

But such constructive notice to the husband is not notice to the wife.   It is admitted that no notice was given to her, and it appears in the petition and in the proofs that neither she nor her husband had actual notice until about sixty days before the petition was filed.   But as her conveyances could have been recorded, and were not at the time of filing the bill, nor until after the decree, her lands were bound by the proceedings in the suit, in the same manner as if she had

been made a party and appeared in said suit, and the decree therein made against her as one of the defendants therein. *Chancery Act,* § 78 (*Rev.* p. 118); *Dinsmore* v. *Westcott,* 10 *C. E. Gr.* 302. She now applies, by petition, to have the decree opened that she may be made a party, and file an answer setting out her interest and her defence to the mortgage of the complainant. This decree, entered July 7th, 1871, more than three and a half years before the petition was filed, has been executed by a sale of the mortgaged lands. But the petitioner claims that the purchasers are chargeable with notice of her undefended title, and that there has been no substantial change of title by the sale. This is, however, a matter for subsequent consideration, when her right to the lots she claims shall be established against the mortgagee.

In *Smith* v. *Alton,* 7 *C. E. Gr.* 572, a final decree was opened, the sheriff's sale set aside and the mortgagor let in to make defence, on the ground of surprise and great sacrifice. This order may be properly and equitably made on petition, where no new rights have intervened. *Campbell* v. *Gardner,* 3 *Stock.* 423. If, in the purchase of some of the lots, or all of them, such rights are found, they will be protected by the decree when the cause is heard on the merits. These applications are always addressed to the sound discretion of the court. It is said they should be listened to generally with great caution. *Robertson* v. *Miller,* 2 *Gr. Ch.* 451. But in an old case, (*Kemp* v. *Squire,* 1 *Ves. Sr.,* 205,) Lord Hardwick said, on application to set aside the enrollment of a decree, on circumstances: "Any court of justice will incline, as far as in its power, to open what is concluded, that the merits may come before the court, and that the plaintiff may not be precluded from entering therein and having justice done." There must be caution used in such cases, but it must be balanced by a sense of justice to all parties, to constitute a sound legal discretion. *Brinkerhoff* v. *Franklin,* 6 *C. E. Gr.* 334, cites many cases for the rule that an enrollment will be vacated and a decree opened

Cawley v. Leonard.

where it has been made unjustly against a right or interest
that has not been heard or protected, and this has been done
without laches or fault of the party who applies.    See *Danl.
Ch. Pr.* 1025.

There has been no intentional wrong done by the complain-
ant to these petitioners, for it does not appear that he knew
of their interest in this property.    If they suffer loss, as
they may after they are fully heard, it will be caused in a
great degree by their own neglect.    It is clear, however, that
their case has never been heard and decided on its merits,
as they have been stated in this petition.

· The main objection urged against this petition, and that
upon which the order was made to dismiss it, is that there
was great delay in recording the conveyances to Mrs. Caw-
ley ; but mere lapse of time is not sufficient to take away
the right of a party to be heard in a court of equity, where
there has been no laches, and there are no intervening rights
of others which may be unjustly disturbed.    *Barb. Ch. Pr.*
369, and notes.

Here there has been no laches, if the petitioner's facts
are true as stated.    For it does not appear that she knew these
foreclosure proceedings were pending.    Her alleged reason
for neglect and delay in recording her deeds and looking
after these lots, was that Jacob Vreeland, the mortgagee, by
written agreement with the cemetery company and its
grantees, released all lots purchased of the company from
the lien of his mortgage, when the lots were paid for in full.
She claims that these lots were thus paid for.    She further
alleges that Leonard, and all who purchased at the sale
under the foreclosure, knew of such agreement and release.
If this be true, she had the right to assume that her lots would
not be sold under a foreclosure of this mortgage.    The sale
of these lots to her husband, Samuel B. Cawley, was entered
and known at the office of the company, and she might sup-
pose that such notice to the company would be notice to all
dealing with them, with reference to these lots, without
recording her deeds.    If it appeared on the books of the

company that these lots were conveyed and paid for in full, it would not be laches in her to suppose that Vreeland, or the holders of his mortgage, had performed their part by releasing her lots from its lien, even though her deeds were not recorded. There is much in the case as stated by her, and in the proofs, to show that she has been surprised, and that she has such merits as claim a hearing from the court.

The order dismissing the appellant's petition is reversed. The enrollment will be set aside, and the decrees opened so far as they affect the lots conveyed to the petitioner, Jane F. Cawley, and the petitioners will be allowed to plead to the bills of complaint, upon such terms and in such form as the chancellor may direct, upon payment of the costs below; and without costs to either party in this court.

*Decree unanimously reversed.*