Gould v. Gould.

EMMA R. GOULD et al.

v.

CHARLES J. GOULD et al.

A married woman, at the solicitation of her husband, made a loan of her own money to a partnership composed of her husband and her two sons, taking therefor, at the time of the loan, a written obligation of the firm payable to her order.—*Held*, that a bill for the repayment of the loan, filed after the death of the husband against the surviving partners, need not allege that the money so loaned was not only borrowed on the credit of the firm, but actually reached the firm, and was expended in its business or for its benefit.

Bill for relief. On general demurrer.

*Mr. G. W. Hubbell,* for demurrant.

*Mr. C. Parker, contra.*

THE CHANCELLOR.

The bill is filed by Emma R. Gould, widow of Joseph Gould, deceased, and her mother, Jeannette Devine, against Charles J. and George Gould, surviving partners of the late firm of Joseph Gould & Sons, of the city of New York. That firm was composed of the defendants and Joseph Gould, before men-

---

NOTE.—A married woman may, at common law, be a mortgagee. *Marshall* v. *Lewis,* 4 *Litt.* 140; *Trimble* v. *Reis,* 37 *Pa. St.* 448; *Hatz's Appeal,* 40 *Pa. St.* 209; *Campbell* v. *Galbreath,* 12 *Bush* 459. See *Moore* v. *Poland,* 1 *Hal. Ch.* 517; *Grove* v. *Jaeger,* 60 *Ill.* 249; *McKinney* v. *Hamilton,* 51 *Pa. St.* 63.

She may maintain an action against a firm, of which her husband is a member, for services rendered the firm. *Adams* v. *Curtis,* 4 *Lans.* 164.

She may recover money loaned by her to a firm of which her husband is a partner. *Devin* v. *Devin,* 17 *How. Pr.* 514; *Lord* v. *Davison,* 3 *Allen* 131; *Bitter* v. *Ratham,* 61 *N. Y.* 512.

A *feme sole* loaned money to a firm, taking their note therefor; she afterwards married one of the partners.—*Held,* that she might sustain a suit in

tioned. The object of the suit is to obtain repayment of a loan of $650, made by Mrs. Gould to the firm, at the solicitation of her husband, on the 1st of May, 1876. The bill charges that the money lent was part of certain money obtained by her from the mortgage of real estate belonging to her, and conveyed to her before her marriage. It appears to have been deposited by her in a savings bank, to the account of "Mrs. Emma R. Gould, for Mrs. Jeannette Devine," and hence the latter is joined as complainant, as *cestui que trust*, with the former as her trustee. The money was borrowed by Joseph Gould, for the firm, and a written obligation of the firm, payable to the order of Mrs. Gould, was given by him to her therefor, at the time. After his death, she brought suit at law against the defendants in this suit, his surviving partners, upon the obligation, but was nonsuited, on the ground that the contract was made by her with her husband. A wife may maintain a suit in equity against her husband on a contract made by him with her, in reference to her separate estate. While this proposition is not denied by the defendants, they insist that inasmuch as the contract in question was made by the husband, and therefore is void at law, equity will not enforce it against his surviving partners, unless it ap-

equity for an account against the firm therefor. *Bennett* v. *Winfield, 4 Heisk. 440.*

Where a due-bill was given by a firm to one of the partners, for a debt due to him from the firm, and he assigned it to his wife, for money owing by him to her.—*Held*, that she could enforce it against the firm, although the amount of it had been allowed by the firm to the husband, in their settlement with him, after its assignment to his wife. *Moore* v. *Foote, 34 Mich. 443.*

A wife was creditor of a firm of which her husband was a partner, and held the firm's notes for the debt. That firm dissolved by the retiring of one member, not the husband, and the substitution of a new member, who assumed the liabilities of the retiring one.—*Held*, that the new firm was liable to the wife, and the fact that payment of interest on the notes was made after the dissolution, by the husband, on behalf of the firm, made no difference, since the firm was presumed to know what was done by any of its members in the course of its partnership dealings. *Osborn* v. *Osborn, 36 Mich. 48.*

On the death of B., the firm of B. & Co. owed his widow a sum of money. The widow married V., the surviving partner of B. & Co., who formed a new partnership with G., the wife of V. consenting that the money should remain

Gould v. Gould.

pears that the money was not only borrowed by him on the credit of the firm, but actually reached the firm, or was expended in its business, or for its benefit, or on its behalf. The bill is sufficient in its averments. It states that Joseph Gould applied to his wife to borrow the money for his firm, and on the security of the firm's obligation to be given to her therefor, and that she, being satisfied of the responsibility of the firm, was willing to lend the money, if she could safely do so, and therefore consulted counsel on the subject, and was by him advised that she could make a legal contract with the firm through her husband, and that a negotiable instrument made by him, in the name of . the firm, would bind all the partners, and she thereupon lent the money accordingly. In the statement of pretences it is said that the defendants allege that she lent the money, not to the firm, but, in fact, to her husband, and that he, with her knowledge, applied it to his own use, and not to the use of the firm ; but the complainants deny that this allegation is true, and aver that she refused to lend the money to him for his own use, but lent it to the firm, and only consented to lend it to them on the advice of counsel, as before mentioned, and they further say

in the new firm as a loan, on which she was to be paid interest.—*Held*, that the wife of V. was a creditor, and not a member of the new firm. *Brower* v. *Creditors, 11 La. Ann. 117.*

A married woman advanced her own money to a firm composed of her husband and his son by a former wife, taking the firm's notes therefor, and afterwards purchased of a creditor his claim against the firm.—*Held*, that she was entitled to her *pro rata* share of the firm's assets under an insolvent assignment. *Cowan* v. *Mann, 3 Lea 229.*

The marriage of a mortgagee, a single woman, with the mortgagor, was held not to cancel it, nor suspend her right to foreclose it. *Power* v. *Lester, 17 How. Pr. 413, 23 N. Y. 527;* also *Bemis* v. *Call, 10 Allen 512; Bean* v. *Boothby, 57 Me. 295; Faulks* v. *Dimock, 12 C. E. Gr. 65.* But see *Smiley* v. *Smiley, 18 Ohio St. 543; Tucker* v. *Fenno, 110 Mass. 312; Long* v. *Kinney, 49 Ind. 235.*

If a married woman and her husband are the only partners in a firm, his estate is liable to her for moneys advanced by her for the use of the firm. *Boyle's Estate, 1 Tuck. 4.* See *Sherman* v. *Elder, 1 Hilt. 178, 24 N. Y. 381; Kinkead's Case, 3 Biss. 405; Westphal* v. *Henney, 49 Iowa 542; Reiman* v. *Hamilton, 111 Mass. 245; Zimmerman* v. *Erhard, 8 Daly 311.*—Rep.

that if he did not use the money for the firm, but applied it to his own use, the complainants did not know it. The substance of all which is, that the money was, in good faith, lent by her to the firm, and was not in any way lent to her husband, individually. In the statements of the bill, the transaction in question appears to have been in good faith. Equity will impose no condition to recovery in such a case as this, which the law would not impose were the suit maintainable there. The demurrer will be overruled.