# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

### MARCH TERM, 1885.

———— ▬ ————

JOHN GRAY, administrator, appellant,

$$\frac{39}{52}\ \frac{511}{425}$$

*v.*

ELIZABETH GRAY, respondent.

1. On a bill filed by a wife for moneys received for her by her husband, she cannot be a witness to prove the admissions of her husband.

2. *Quere.* As to the application of the statute of limitations to a debt due from the husband to the wife.

———

On appeal from a decree of the chancellor.

*Mr. Alfred Mills,* for appellant.

*Mr. J. H. Neighbour,* for respondent.

511

The opinion of the court was delivered by

BEASLEY, C. J.

This bill was exhibited by a widow against the administrator of her husband to recover certain sums of money which belonged to her as her separate estate, by force of the act relating to married women, and which he had received on her behoof during coverture.

One of the exceptions to the proceedings in the court below was leveled at the admission of the testimony of the widow, relating to sundry conversations between herself and her husband, in which he acknowledged the receipt of the moneys in question, accompanying such admissions with promises to repay them when requested. Their conversations were plainly inadmissible, as they were expressly prohibited by the act that qualifies as witnesses the parties to the suit, to a limited extent, when either plaintiff or defendant is such in a representative capacity. But the case of the respondent is not seriously impaired by the rejection of this testimony, for the facts necessary to support her claim are amply proved by the residue of the evidence. It is shown, beyond rational dispute, that the moneys claimed were the property of the wife, and were received by her husband for her during coverture, with the understanding that he would hold them for her benefit and as her *quasi* trustee. It is not to be questioned that under such circumstances, in the absence of qualifying conditions, the estate of the husband must account in

NOTE.—Before the Married Women's Acts, the statute of limitations did not run against the claim of a wife against her husband for money loaned by her to him, until his death, *Towers* v. *Hagner, 3 Whart. 48.* See *Duke* v. *Fulmer, 5 Rich. Eq. 121; Livesay* v. *Helms, 14 Gratt. 441.*

So, where her money was loaned, in 1845, to her husband and his partner, who made an assignment for the benefit of their creditors in 1857, *Kuts's Appeal, 40 Pa. St. 90.*

Since the Married Women's Acts, the statute has been held not to run against such a claim, *Sewell* v. *McVay, 30 La. Ann. 673; Upham* v. *Wyman, 7 Allen 499; Boardman's Appeal, 40 Conn. 169; Lahr's Appeal, 90 Pa. St. 510; Wilson* v. *Wilson, 36 Cal. 447; Marsteller* v. *Marsteller, 93 Pa. St. 350;* but see *Sabel* v. *Slinghuff, 52 Md. 132; Boughton* v. *Flint, 74 N. Y. 476; Muns* v.

equity, in a suit by the widow, for the moneys thus received and held.

On the argument of this appeal, the statute of limitations was relied on as a bar to this claim. How far the statute referred to is applicable, is obviously a debatable question. That a stale claim of this character would be open to the gravest suspicion, and would often be rejected in a court of conscience on its own peculiar methods of dispensing justice, is evident at a glance; but the statute of limitations is applicable by its terms only to actions at law, and is useful only by analogy in relation to equitable titles and estates. Inasmuch as the wife, during coverture, by force of our statutes and the general regulations of our legal system, cannot sue nor be sued by her husband at law, the act in question can, under no circumstances, be applicable by its terms to debts due to her from him, and the consequence is such debts, in their relation to the passage of time, must be regulated altogether on an equitable basis. But it is not necessary at the present time to do more than to advert to this subject, as, in the present case, it appears that, by allowing the time that the running of the statute is suspended by the death of the debtor, six years had not intervened between the arrival of this right of action and the filing of this bill. This question, therefore, is not in the case.

Let the decree be affirmed.

*Decree unanimously affirmed.*

---

*Muns* (*Iowa*), *14 Cent. L. J. 457; Simmerson* v. *Tennery, 37 Ohio St. 390; Brooks* v. *Brooks, 4 Redf. 313.*

Where a husband and wife were tenants by the entirety in lands conveyed to them, the statute was held not to run against the wife during coverture, *Harrer* v. *Wallner, 80 Ill. 197.*

Where a husband and wife are residing together on land, there can be no adverse possession by one against the other, *Vincent* v. *Murray, 2 Pugs.* (*N. B.*) *375; Sandford* v. *Finkle* (*Ill.*), *20 Cent. L. J. 236.* See *Frost* v. *Frost, 21 So. Car. 501; Westcott* v. *Miller, 42 Wis: 454.*

The statute does not apply to a suit for a divorce, *Mosely* v. *Mosely, 67 Ga. 92, 13 Rep. 682.*—REP.