CHARLES ALPAUGH, administrator &c. of Elizabeth C. Wilson,

*v.*

RICHARD H. WILSON et al.

The rule of the common law that husband and wife are to be regarded as one person has not been abrogated in New Jersey, and the statute of limitations will not run against the claims of the wife for money belonging to her received by the husband during his lifetime. Such debts, in their relation to the passage of time, must be regulated altogether on an equitable basis.

---

On final hearing on pleadings and proofs.

*Mr. Richard S. Kuhl,* for the complainant.

*Mr. Charles S. Skillman,* for the defendants.

Alpaugh *v.* Wilson.

BIRD, V. C.

Mrs. Wilson brought this suit against the executors of the last will and testament of her late husband, to recover the amount claimed to be due upon a promissory note given by him to her on the 2d day of April, 1883. Mrs. Wilson died pending the suit and the present complainant was substituted in her stead.

The principal defence in this suit is the statute of limitations. The parties to the transaction being husband and wife, it must be determined whether or not the statute applies. I think that it is not seriously disputed but that under the common law the wife could not maintain an action against her husband for the reason that in legal contemplation they were one. Nor has it been successfully maintained that this unity has been severed by implication under any acts of the legislature respecting married women. Such acts being in derogation of the common law, all courts have persisted in a strict construction of them. The true view has been clearly expressed by Chief-Justice Beasley, in *Gray* v. *Gray, 12 Stew. Eq. 511, 512.* This view was considered controlling in *Yeomans* v. *Petty, 13 Stew. Eq. 495.* See, also, *Barnett* v. *Harsbarger's Admr., 5 N. E. Rep. 718; Dice* v. *Ervin, 110 Ind. 561; Second National Bank* v. *Merrill et al., 81 Wis. 151.*

The court has, therefore, to dispose of such questions as justice and equity may require according to the general rules which have long been established for its guidance. Doubtless many cases may be presented which would be attended with such circumstances of laches, unfairness or uncertainty as would justify the court in rejecting them.

That the testator received the $800 has been established beyond question by the production of a note for that amount with his signature. Nothing has been shown to raise the slightest presumption that the note was ever surrendered, or that any portion of it has been paid.

I think that the complainant is entitled to the amount of principal mentioned in the note, with interest, and to be paid by the executors out of the estate in the ordinary course of administration, together with costs.