CHARLES A. REEVES, complainant-appellant,

*v.*

AUGUSTUS F. WEBER et al., defendants-appellees.

[Submitted May term, 1932. Decided October 17th, 1932.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion.

"The bill seeks to impress a trust in favor of complainant on certain real estate and personal property standing in the name of his wife at her decease.

"I regret that I find it impossible to award the relief here sought, since it seems probable that nearly all of the property in controversy has been acquired with money emanating from complainant. But it is the well settled rule in cases of this class that nothing short of 'certain, definite, reliable and convincing proof' will justify relief, especially to set aside a deed of conveyance of real estate. Added to that rule of law is the circumstance that the facts touching the alleged misconduct of complainant's wife who died in January, 1928, on which misconduct the claim for relief against the personalty is now based, was known to complainant in 1924, or 1925. To assert that claim against her estate after her death, and after the death of the bank officer who conducted the transaction, contravenes the established rules upon which equitable relief is founded. The rule, as stated in *Lutjen* v. *Lutjen, 64 N. J. Eq. 773,* is that lapse of time alone is deemed to be a sufficient ground of estoppel when the court cannot feel confident of its ability to ascertain the truth as well as it could when the subject for investigation was recent, and before the memories of those who had knowledge of the material facts

have become faded and weakened by time; and that to constitute estoppel of that description, it is not essential that any actual loss of testimony through death or otherwise, or means of proof or changed relations, to the prejudice of the other party, should be proved to have occurred. In the present case the death of the bank officer who conducted the transaction, as well as the death of the wife who is charged with misconduct, criminal in its nature—both deaths occurring after the transaction had come to the knowledge of complainant—renders impossible any impartial or reasonably accurate ascertainment of the facts which are the very foundation of the relief sought as to the personalty. As to the deed of conveyance of real estate made to the wife in the year 1913, which deed is now sought to be set aside, it appears that complainant did not know until after his wife's death that title had been taken in her name. But the loss of the wife's testimony and the obvious inability of the grantor to recall the circumstances or to say more than that he would not have been apt to make the deed to someone other than the person he was dealing with, without authority, are the necessary result of the long lapse of time. It is reasonably clear that the real estate was bargained for and the purchase money applied by complainant and that the conveyance was made to his wife. But that is not enough. As already stated the presumption of gift must be overcome by nothing short of certain, definite, reliable and convincing proof, and the great lapse of time has rendered impossible that degree of certainty. As to the deposit of the $3,000 complainant is positive that it was deposited by him in his own name and in some way transferred to a joint account of him and his wife without his knowledge. The original deposit slip produced by Mr. Kingdon, and the bank records, powerfully negatives that claim. But the duty of complainant to earlier assert his claim is clear.

"In complainant's brief it is strongly urged that the 'common hoard' theory as defined by the vice-chancellor in *Fretz* v. *Roth, 68 N. J. Eq. 516*, was not questioned in the reversal of that case on appeal. *70 N. J. Eq. 764.* But counsel has

overlooked the circumstances that in the subsequent case of *Beck* v. *Beck, 77 N. J. Eq. 51,* the same rule with the presumptions flowing from it was amplified and applied by the same vice-chancellor and on appeal specifically repudiated as there applied. *78 N. J. Eq. 544.* It cannot now be said to be a rule of law that the savings of a wife from the weekly wages turned over to her by her husband and applied by her to discharge household expenses are to be necessarily regarded as the property of both and that the survivor takes. The rule there defined appears to be that the circumstances and conduct of the parties, as in all other cases, are to be treated as no more than evidential of their intention, where their intentions are material to the issue. But I would not be here understood as passing on the merits of this controversy. I base my decree upon the delay of complainant in seeking the relief which he now claims."

*Mr. James Mercer Davis,* for the complainant-appellant.

*Mr. Joseph Beck Tyler,* for the defendants-appellees.

PER CURIAM.

The decree under review should be affirmed.

Counsel for appellant argues in his brief that it is the settled rule of law in New Jersey, that laches will not be imputed to a husband merely from his failure to prosecute a suit against his wife during the continuance of the marital relation, and cites *Bennett* v. *Finnegan, 72 N. J. Eq. 155; Alpaugh* v. *Wilson, 52 N. J. Eq. 424; affirmed, 52 N. J. Eq. 589; Yeomans* v. *Petty, 40 N. J. Eq. 495; Collins* v. *Babbitt, 67 N. J. Eq. 165,* and other New Jersey decisions as well as decisions of the courts of other jurisdictions.

Counsel for appellant, quoting from the opinion of the learned vice-chancellor the two following sentences, to wit:

"But I would not be here understood as passing on the merits of this controversy. I base my decree upon the delay of complainant in seeking the relief which he now claims," insists that the vice-chancellor, disregarding these decisions,

erroneously applied the technical doctrine of laches as between husband and wife.

We do not so read the opinion, and in affirming the decree of the court of chancery on the opinion of the vice-chancellor, we do not repudiate the doctrine enunciated in a long line of decisions of this court which hold that, based upon the public policy of preventing litigation between the husband and wife, mere delay on the part of one spouse in bringing an action against the other during the continuance of the marital state, does not constitute such "laches" as will deprive the injured spouse of his or her remedy against the other.

With this explanation we approve the opinion of the vice-chancellor and affirm the decree for the reasons expressed in that deliverance.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.