Complainant is the widow of George H. Morris, deceased, and as such, has filed her complaint against the executor, seeking to recover for services rendered to the decedent for a period of six years prior to her marriage to him.
The facts are that complainant was married to decedent on November 20th, 1930, and that prior thereto she had been his housekeeper, competent proof showing that prior to her marriage to him, decedent had employed her as a housekeeper, at $5 per week, and that he had paid her at that rate up until May 26th, 1921, and that since that date, nothing had been paid.
Recovery for the six-year period before the marriage is sought, it being conceded that any claim beyond that period may not be recovered. Defendant concedes that a portion of complainant's claim is recoverable under the evidence admitted, but says that the statute of limitations bars "that *Page 220 
portion of complainant's claim which represents wages earned more than six years before a claim was filed with decedent's executor." Said claim was filed on November 10th, 1932, and there could, therefore, be no recovery for services prior to November 10th, 1926, according to defendant's theory.
The question, therefore, is, should a decree be entered for compensation at the fixed rate from November 10th, 1926, to November 20th, 1930 — four years and ten days — or from November 20th, 1924 — a difference of one year, eleven months and twenty-one days?
There is no question but that unless the statute of limitations was tolled by the marriage of complainant to decedent, she is not entitled to compensation for the full six years claimed by her.
The rule in law is well settled that when the statute once starts to run, it will continue over all subsequent disabilities and intermediate acts and events. Dekay v. Darrah's Adm'rs,14 N.J. Law 288; Den, ex dem. Clark v. Richards, 15 N.J. Law 347;Pinckney v. Burrage, 31 N.J. Law 21; 37 C.J. 1027 § 434;17 R.C.L. 825 § 188.
To like effect is Alling v. Alling, 52 N.J. Eq. 92, where Vice-Chancellor Pitney carefully reviewed the authorities, and wherein (at p. 96), he said:
"The statute of limitations is binding on this court as well as on the courts of law, and whenever a pecuniary demand will be barred to law it will be barred here, unless there is somecircumstance in the case which renders it inequitable for theparty entitled to its benefit to set it up." (Italics mine.)
It must not be overlooked, however, in this connection, that if the "controversy in a court of chancery is of a purely equitable nature, not cognizable in a court of law, the statute of limitations has no application, but the court will apply the doctrine of neglect and lapse of time according to discretion, regulated by precedents and the peculiar circumstances." Colton
v. Depew, 60 N.J. Eq. 454 (at p. 459).
So in the instant case, unless there is some circumstance which would render it inequitable for the defendant to set up the statute, it should be available to it under the authority *Page 221 
of Alling v. Alling, supra, or, the doctrine of neglect and lapse of time should be applied, according to discretion, regulated by precedents and the peculiar circumstances, as stated in Colton v. Depew, supra.
There can be no doubt but that complainant could have, at any time during her marriage, sued decedent for the balance then due, and it also cannot be questioned but that after the marriage she could not have sued at law. Collins v. Babbitt, 67 N.J. Eq. 165; Wood v. Chetwood, 44 N.J. Eq. 64; Rusling v. Rusling'sExecutors, 47 N.J. Law 1.
The suit of complainant, after marriage, would, therefore, have been in this court, and the policy of this court as to litigation as between husband and wife must be construed in order to determine whether it would be equitable to apply the terms of the statute of limitations in the reduction of complainant's claim. That policy has been frequently announced as being against litigation between husband and wife, in order to prevent domestic discord. Gray v. Gray, 39 N.J. Eq. 511; Yeomans v. Petty,40 N.J. Eq. 495; Alpaugh v. Wilson, 52 N.J. Eq. 424; affirmed,Ibid. 589; Collins v. Babbitt, supra; Bennett v. Finnegan,72 N.J. Eq. 155; Metlar v. Williams, 86 N.J. Eq. 330.
In Yeomans v. Petty, supra (at p. 498), the court said:
"But the statute of limitations is interposed by the answers and urged by counsel. Until the statute of limitations is expressly extended to such cases I cannot think it wise for the court to hold that, because the husband or wife, who has a claim against the other, does not bring suit therefor, within the statutory period, it shall be barred. The policy of the law is to prevent litigation between husband and wife. The doctrine contended for would frequently render it inevitable and also disastrous to domestic peace."
To like effect is Metlar v. Williams, supra, wherein the court, through Vice-Chancellor Backes, said:
"The statute of limitations is not applicable as a bar to the recovery of the debt out of the mortgaged premises. Metlar and his wife, the maker and owner respectively of the bond and mortgage, lived in matrimonial relation during her ownership *Page 222 
and down to his death, and it has been repeatedly held, based upon the general policy of preventing litigation between husband and wife, that the statute does not run on the claim of one spouse against the other during the continuance of the marital state."
It is argued that the cases announcing this doctrine have all arisen out of contracts or other engagements which arose or were created during the time of coverture and that the instant case is different therefrom in that the contract in question was entered into prior to coverture. I think that this argument is unsound because the thing the court was seeking to prevent was domestic infelicity, arising out of litigation during coverture, and it makes no difference whether the contract which gave rise to the suit was made before or after marriage.
From all of which it appears to me that in the instant case it would be inequitable to have advised complainant of the desire of a court of conscience that husband and wife avoid litigation, then, when the disability of coverture had been removed by death, to say to the wife — your claim is barred by the statute of limitations — you should have brought suit before your husband's death.
A decree will be advised for complainant, in accordance herewith.