EMILIE M. WARD, assignee of Anna H. Ringle, complainant-respondent,

*v.*

EMMA PAULINE MCLELLAN, executrix of the estate of Valentine Ringle, deceased, defendant-appellant.

[Submitted October term, 1934. Decided January 10th, 1935.]

*Mr. Alex DeSevo,* for the complainant-respondent.

*Mr. Frank G. Turner,* for the defendant-appellant.

The opinion of the court was delivered by

CASE, J.

The appeal is by the executrix of the estate of Valentine Ringle, deceased, from a decree rendered in the court of chancery against her and in favor of Emilie M. Ward for moneys said to have been loaned to the decedent by Anna H. Ringle, his wife, both before and after coverture.

Ringle, on December 15th, 1926, married Anna H. Becker, who, for the preceding eight or nine years, had been employed by him as timekeeper in his plumbing shop. There were no children born to the marriage. Ringle died in December, 1933, leaving a last will and testament wherein he set up a trust of all of his property, the income "or so much thereof as may be necessary for her support, comfort and maintenance," to be paid to his wife during her life, the *corpus* to go at her death to one or more of the testator's grandchildren. The executrix is Emma Pauline McLellan, a daughter of the decedent by an earlier marriage. Mrs. Ringle, after her husband's death, filed a claim against the estate for the items now sued upon and on failure to receive payment executed an assignment of the same to Emilie M. Ward, her daughter by a former marriage, setting up in the assignment that the consideration thereof was the undertaking by the daughter "to provide food and shelter for the party of the second part [Mrs. Ringle] for the rest of her natural life." The bill of complaint enumerates many items, beginning March 1st, 1915, continuing until the decedent's death and aggregating $2,274. At the hearing all charges dated six years or more before the marriage were abandoned, which left $1,842 as the amount claimed. The court made a bulk award of $1,394.10, without specifying the items allowed.

The suit was properly brought in chancery. Courts of equity alone can give a remedy on a contract made between a husband and his wife, and this is so whether redress is sought by one of the original parties or by or against the legal representative or the assignee of one or both of the original parties. *Wood* v. *Chetwood, 44 N. J. Eq. 64;*

*affirmed, 45 N. J. Eq. 369; National Bank of Rahway* v. *Brewster, 49 N. J. Law 231.* Judge Mackay recently made a search of the statutes and found nothing changing the rule as thus stated (*Metzler* v. *Metzler, 8 N. J. Mis. R. 821*), and no statutory change has been brought to our attention. Equity, upon the public policy of preventing litigation between husband and wife, does not consider mere delay on the part of one spouse in bringing an action against the other during the continuance of the marital state as constituting such *laches* as will deprive the injured spouse of his or her remedy against the other (*Reeves* v. *Weber, 111 N. J. Eq. 454, 458*), and this principle applies whether the claim arose before or during coverture (*Morris* v. *Pennsgrove National Bank, &c., 115 N. J. Eq. 219*), provided the time had not tolled at the time of marriage.

It is, however, contended that Mrs. Ringle was disqualified from testifying. At common law a party to an action was not a competent witness at the trial thereof (*Sweazey* v. *Croxall, 3 N. J. Law \*1048; Jackson* v. *Jackson's Executors, 3 N. J. Eq. 96; Petrick* v. *Ashcroft, 19 N. J. Eq. 339*), and a person who, although not a party, was interested in the result of the action was also held incompetent. *Lowrey* v. *Summers, 12 N. J. Law 240.* The rigor of that restraint was later (*Van Wagenen, Adm'r,* v. *Bonnot, 74 N. J. Eq. 843, 847*) eased by legislation (*P. L. 1859 ch. 166; P. L. 1866 ch. 297*), with certain provisos, the pertinent one of which is preserved in the presently extant statute, section 4 of the Evidence act (*2 Comp. Stat. p. 2218,* amended by *P. L. 1931 ch. 163*), as follows:

"In all civil actions any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity * * *; provided, this section shall not extend to permit testimony to be given by any party to the action as to any transaction with or statement by any testator * * * represented in said action, unless the representative offers himself as a witness on his own behalf and testifies to any transaction with or statement by his testator * * * in which event the other party may be a witness on his own behalf as to all transactions with or statements by such testator * * *."

The persistence with which the limitation has been maintained bespeaks a settled legislative intent which it is the duty of the courts and of litigants to observe. To permit the beneficial owner of a claim against the estate of a decedent to avoid the provisions of the Evidence act upon the pretense of an assignment that is not what it seems would be, in the words of the late Chief-Justice Gummere in *Platner* v. *Ryan, Executor, 76 N. J. Law 239*), to connive at "a fraud upon the statute." Mr. Justice Garrison expressed the same thought in *Moosbrugger* v. *Swick, 86 N. J. Law 419:*

"* * * it may be, and generally will be, a concealed interest or ownership that induces the perpetration of the fraud in aid of the assignee's legal rights by the introduction of the precise sort of testimony the legislature by the most unequivocal language has sought to exclude. It cannot be that the court must sit by and see this remedial purpose of the legislature frustrated or evaded by a palpable device."

The apprehension that an assignment of claim may actually be a screened approach to the witness chair by a party in interest has ever inspired careful scrutiny by the courts. *Campbell* v. *Zabriskie, 8 N. J. Eq. 356* (at *471*); *Platner* v. *Ryan, Executor, supra; Moosbrugger* v. *Swick, supra*. It has been flatly held that when the consideration is nominal the assignor does not become a competent witness. *Howells* v. *Martin, 101 N. J. Eq. 275*. It may be more comprehensively stated that the assignor remains incompetent if and so long as he retains a substantial interest in the outcome of an action on the claim. A payment of value to the assignor does not, we think, conclusively meet the situation against which the statute is directed. Until a living party to a transaction with a decedent has entirely divested himself of his stake in the result of an action thereon so that the magnet of self-interest no longer pulls upon him, he has not, in our opinion, ceased to be a "party" as that word is used in the statute. If it becomes necessary, for the purposes of the record, to bring in as a party (*Cullen* v. *Wolverton, 65 N. J. Law 279*) one who is not so named but who by that definition should be, a court order to that effect may be

made. *Platner* v. *Ryan, Executor, supra,* and *Moosbrugger* v. *Swick, supra.* Indeed, formerly the assignor was a necessary party to a suit brought by the assignee in equity. *Harris* v. *Esperanza Mining Co., 91 N. J. Eq. 163, 167.*

The circumstances in proof lead to the conclusion that the assignment before us was motivated solely by the purpose to make Mrs. Ringle competent to testify. When such a purpose is apparent, we consider that the burden is upon the one who produces an original party to the transaction as a witness to satisfy the court that the witness has been divested of all disqualifying interest in the outcome.

Mrs. Ward is the only child of Mrs. Ringle. Independent of contract it would be the daughter's legal duty, if there were necessity, to the extent of her ability, to do even more than she undertakes to do in the assignment. *2 Cum. Supp. Comp. Stat. p. 2756 § 161-197; 1 Cum. Supp. Comp. Stat. p. 322 § 34-191.* It does not appear that Mrs. Ward has present or prospective resources from which she may support her mother unless it be from the proceeds of this claim. Mrs. Ward is married, is the mother of five children and, together with her children, lives with and is supported by her husband, who is not obligated to the undertaking. The consideration is left wholly to the future. Assuming that the assignment was made in entire good faith, it does not follow that Mrs. Ringle has no interest in the successful outcome of the suit. For upon the bargain, according to complainant's theory, is dependent the daughter's obligation to provide food and shelter; and if the performance of this filial duty is to hinge upon so commercial a basis, it may be that the character and extent of food and shelter will depend upon the amount recovered.

The award hangs upon Mrs. Ringle's testimony as to transactions with and statements by the testator. Some of her testimony, measured by the standards of ordinary experience, appears to lack probability, as for instance that throughout the two-year period preceding marriage—1925 and 1926—Mrs. Ringle, then Anna H. Becker, an employe in the plumbing shop of Mr. Ringle, regularly, twice each week, made

480

advancements to him from her own funds in the precise sums of $3 each, all and severally upon his promises to repay. A substantial part of the funds, which, as Mrs. Ringle charges, were loans to her husband, were payments for furniture and household accessories that are even yet in her possession. Two of the amounts which she says were loans and for which she seeks reimbursement were paid by her own checks direct to L. Bamberger & Company of Newark a few days before the marriage in the respective amounts of $53 and $50 for household furniture which she still has. It is, of course, possible that these transactions occurred precisely as described by Mrs. Ringle and with the legal effect ascribed by her to them, but the slight testimonial twist necessary to transform the entire legal aspect of transactions between persons so situated illustrates one of the reasons for the rule.

We are left unconvinced that Mrs. Ringle had completely divested herself of all beneficial interest in the claim. Our conclusion is that she was incompetent to testify and that the ruling of the court below permitting her, over objection, to testify was error. The decree below will be reversed and the record remitted to the court of chancery for further proceedings not inconsistent with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.