The bill of complaint herein was filed by Elizabeth H. Freitag in her individual name, but it is apparent that the relief she seeks is as an executrix under the will of her mother, Ida W. Hawthorne.
The bill is inartistically drawn but the substance to be gathered from its allegations, aided by the schedules annexed *Page 516 
thereto, is as follows: Complainant and Mamie Bersano are daughters of Ida W. Hawthorne and are the executrices under her will. Emile Bersano, husband of said Mamie Bersano, presented to said executrices a claim for $2,772.32 against Mrs. Hawthorne's estate, for maintenance of decedent at Bersano's home from July 14th, 1930, to October 9th, 1937, which he alleges was furnished at decedent's request. Complainant disputed the claim but Mrs. Bersano decided to allow it and complainant, as executrix under her mother's will, gave the claimant notice of dispute, whereupon he brought a suit at law on said claim against complainant and Mrs. Bersano as executrices aforesaid. The bill alleges that Mrs. Bersano will not defend her husband's law action and complainant fears that Mrs. Bersano will offer herself as a witness in said action on behalf of her husband and enable him to avoid the restriction of the statute, which would otherwise prohibit him from testifying as to transactions between decedent and himself. The bill names Mamie and Emile Bersano as defendants and its prayers are that the action at law be restrained; that this court take jurisdiction of the controversy; that Emile Bersano be enjoined from entering judgment against his wife as executrix and from assigning his cause of action; that Mamie Bersano be restrained from filing an answer in the law action admitting the debt claimed by her husband and that complainant have other and further relief.
On behalf of defendant Emile Bersano a motion was made to strike the bill on several stated grounds, the substance of which is that complainant can have all the relief she seeks in the law action and that the bill presents no cause for equitable relief.
It has long been settled that under the common law neither husband nor wife may sue the other at law, it being deemed inconsistent with public policy (because of the delicate relations attached to the marital state), that there should be any legal controversy between them. The statute (Rev. Stat.37:2-5) enlarging the rights of married women, provides that "nothing in this chapter contained shall enable a husband *Page 517 
or wife to * * * sue each other except as heretofore and except as authorized by this chapter." Examination of the chapter discloses no circumstance under which spouses are authorized to sue each other at law, so that the common law rule in this respect prevails in this state. Gray v. Gray, 39 N.J. Eq. 511;Alpaugh v. Wilson, 52 N.J. Eq. 424; affirmed, Ibid. 589.
Courts of equity alone can give a remedy in actions between husband and wife, Gould v. Gould, 35 N.J. Eq. 37; affirmed,Ibid. 562; Wood v. Chetwood, 44 N.J. Eq. 64; affirmed, 45 N.J. Eq. 369; Ward v. McLellan, 117 N.J. Eq. 475, and this is so whether the redress is sought by one of the original parties, or by or against the legal representatives of one or both of the original parties. Wood v. Chetwood, supra; Ward v. McLellan,supra; Horner v. Webster, 33 N.J. Law 387-406. The suit at law against which relief is sought here is by Bersano against his wife as a defendant, but the fact she is sued in a representative capacity will not affect the reason for the rule, or its application, especially as she and her co-executrix are, under the will of the testatrix, to share equally in the residue of the testatrix' estate. Since any judgment her husband may recover against her and her co-executrix will result in depleting the residuary estate, she is, in effect, being sued as an individual. It is believed, therefore, that complainant's bill praying that this court take jurisdiction of the controversy and that Bersano be restrained according to the prayers of the bill, sets up a sufficient equitable cause of action to justify denial of the motion to strike the bill. Moreover the allegations of the bill disclose that a controversy exists between complainant and her co-executrix over the allowance of Bersano's claim and thus a question exists over which the jurisdiction of a court of equity is clear. Petty v. Young, 43 N.J. Eq. 654; Ely v. Ely,50 Atl. Rep. 657; affirmed, 64 N.J. Eq. 790; Muller v. Muller,76 N.J. Eq. 158.
On filing the bill an order issued restraining Mrs. Bersano from filing any answer in her husband's suit at law; restraining Bersano from taking further proceedings in said suit and directing them to show cause why such restraints should not *Page 518 
be continued pendente lite. On the return of that order the only affidavit filed was by Mrs. Bersano's solicitor wherein he swears that he first informed complainant's solicitor that Mrs. Bersano was of the opinion that her husband's claim is just and reasonable and that she would enter no defense to his law action and that the day before complainant's bill was filed, affiant informed complainant's solicitors that Mrs. Bersano had changed her mind and would file an answer in said law action, denying her husband's claim. There is, however, no affidavit by Mrs. Bersano stating her attitude or intention toward her husband's claim and Bersano has not denied the verified allegations of the bill of complaint.
In the brief filed by counsel for Bersano it is objected that old chancery rule 201 (in effect when the bill was filed) was not complied with, in that the copy of the bill and affidavits served on said defendant were not true copies of the originals. It is not shown by any affidavit wherein the defect consists, and the defendant waived objection to any such defect by appearing on the return of the order to show cause and applying for and obtaining an order adjourning the hearing and continuing the restraints contained in the order to show cause.
The temporary restraints sought by complainant against the defendants will be granted until the final hearing of the cause. *Page 519