MIGNONETTE MARVIN RIKER

*v.*

SAMUEL McDONOUGH RIKER.

[Decided April 8th, 1914.]

1. Evidence, in a suit brought by a wife against her husband to recover money which she claimed to have loaned and advanced to him, *held* to show that she was entitled to relief, and that he should account to her for the principal so advanced to him by her.

2. There being no evidence that the husband at any time promised to pay interest, she is not entitled thereto, the rule being that as between husband and wife, interest is not allowable during the continuance of the marriage relation unless it was specially stipulated for.

On final hearing.

*Mr. Chauncey G. Parker,* for the complainant.

*Mr. Joseph Coult, Jr.,* for the defendant.

HOWELL, V. C.

This suit is brought by a wife against her husband to recover two sums of money which she claims to have loaned and advanced to him, the first being a sum of $600 advanced on April 26th, 1905, and the second being the sum of $350 advanced on February 13th, 1906. She claims that these advances were loans, while the husband claims that the money was placed in his hands for the purpose of being invested in stock of a corporation to be organized and known, as stated in his answer, as The Eagle Leather Goods Company. The only witnesses to the transaction are the parties to the controversy, and they alone are interested. The rights of creditors have not intervened. It was held by the court of errors and appeals in *Cole* v. *Lee, 45 N. J. Eq. 779,* to be well settled that on proof that a husband has received his wife's money a court of equity will compel him and his repre-

sentatives to account to her at least for the principal received, and that they can only discharge themselves by showing that the husband disposed of the money according to the wife's directions, or that it was a gift to him. This presumption is against the husband, and casts upon him the burden of proving his defence by a preponderance of testimony. This I do not think he has done. The very first step in the transaction seems to me a very unusual one. He obtained the first amount ($600) from his wife in April, 1905; he placed it to his own credit in his own bank account, and thus immediately put that part of it beyond the control of his wife. He used some portion of it for his own business and his own purposes, and did not attempt to use it for the purpose for which he claimed his wife advanced it to him until February of the following year, when he organized a partnership consisting of himself and another person and turned the money over to this partnership, which then went by the name of The Eagle Boot and Pad Company. This partnership continued until July of that year, but with a change of name to The Eagle Leather Goods Company; and in July the corporation was formed also bearing that name. If it had been the purpose of the wife to invest her money in that corporation the story of the husband is absurd. There does not appear to have been any well settled determination in his mind at the time the first amount was advanced as to the organization of the new business, and so far as the evidence shows there was no step taken in that direction for eight or ten months. If this story is true there was no reason why the money should have been put in the bank account in April, 1905, for the purpose of starting a corporation in July, 1906. There seems to be no doubt but that the money, or the greater part of it, went into the new business, and it may have gone there with the knowledge of the wife. I say this because there are some absurdities in her story which do not leave the evidence on her side free from difficulties.

In order to bolster up his side of the case the husband produces a certificate of stock issued by The Eagle Leather Goods Company marked No. 1 for forty-two and one-half shares standing in his name and issued on July 2d, 1906, the date of the

organization of the corporation.　He says that this represents the wife's advances.　However, the certificate stands in his name; it never was in her name; it was never presented to her; nor is it clear that it was ever seen by her; neither could he by any mathematics that he could think of explain how her $950 could be represented by forty-two and one-half shares of the capital stock of the above-mentioned corporation at a par value of $100 per share.

I am therefore of opinion that the husband should account to the wife for the principal of the money so advanced to him by her.

In addition to the principal the wife demands the payment of interest.　An examination of the testimony will disclose that there was a total omission of evidence tending to show that the husband at any time promised to pay interest.　Ordinarily I understand the rule to be that as between husband and wife interest is not allowable during the continuance of the marriage relation unless it was specially stipulated for.　This seems to be the idea of Vice-Chancellor Pitney in *Collins* v. *Babbitt, 67 N. J. Eq. 165*.

The decree will therefore provide for the payment of the principal sum, without interest to the date of the decree.