Rose E. Fike, complainant,

*v.*

Roy E. Fike, defendant.

[Decided May 15th, 1925.]

Contracts—Specific Performance of Agreement of Husband to Pay a Consideration to Wife for Release of Her Inchoate Right of Dower— Husband Repudiated Agreement — Contracts Between Husband and Wife, Unenforceable at Law, May be Enforced in Equity to Extent That They Are Fair and Just—Nothing Appears Unfair in Present Transaction—Specific Performance May be Decreed as to Personal Only Where Particular Reasons Exist—No Such Reasons Being Apparent Here. Damages for the Breach of the Contract May be Awarded Under the Prayer for General Relief or Even Without Such Prayer.

On final hearing.

*Messrs. McCarter & English,* for the complainant.

*Mr. Robert N. Crane,* for the defendant.

BUCHANAN, V. C.

The bill is by wife against husband praying decree for specific performance of his written promise to assign to her

thirteen shares of stock in the Fike Motor Company, and to deliver to her an automobile (of designated make), either touring car or sedan. The consideration for the promise was the releasing or barring of dower by the wife, in executing a deed of conveyance for a house standing in the husband's name. Notwithstanding the wife's full performance, the husband failed to perform at the time fixed in his agreement, and later refused to perform at all.

The husband at first testified he had no intention of performing when he signed the promise. A few seconds afterwards he directly contradicted himself, and said that he did intend to perform when he signed, but later changed his mind, partly because he found he needed to use the shares of stock as collateral for loans, and other business reasons. Neither answer excuses non-performance. At another time he stated that he did not deliver the automobile, because he deemed her unfit to drive a car. He gave no details or reasons for his opinion in this behalf, and it is directly contradicted by the fact that she obtained a driver's license, and that he helped her obtain it and paid for it.

Contracts between husband and wife are void, and unenforceable at law. They are enforceable in equity to the extent that they are fair and just. *Lister* v. *Lister, 86 N. J. Eq. 30* (at *p. 48*) ; *Hollingshead* v. *Hollingshead, 91 N. J. Eq. 261* (at *p. 278*) ; *Demarest* v. *Terhune, 62 N. J. Eq. 663* (at *p. 667*). The situation in the last-named case is the converse of that in the case at bar. There the wife agreed to pay the husband $1,000 for his joining in a deed of conveyance of her property and releasing his inchoate curtesy therein, which he did, and received her note for the $1,000. The principles involved are the same, although, perhaps, greater scrutiny may be exercised as to the fairness of such a contract as regards the wife's interest than as to the husband's, the theory being that the wife is under the domination of the husband during coverture, and especially during matrimonial cohabitation.

In the present case I am unable to see anything unfair in the transaction. The husband's promise was the payment for

the wife's inchoate dower interest. That interest belonged to her; it is a thing which the courts and legislature have always striven to protect to her, and to place safeguards around. She could not be compelled to relinquish it against her will. She had full right to payment for her surrender of it, if she desired, and to bargain for such payment.

She did choose, in the present case, to require payment for her inchoate dower. It appears from the evidence that the husband had been somewhat harsh and tactless with his wife in regard to financial matters, extending to the providing of food, clothes and other household requirements. He told his wife he deemed it best to sell the house (which they were renting out, not occupying) in order to pay off some business indebtedness. He says she said little, if anything. He did not consult her about the sale price, but proceeded to enter into a contract to sell, without asking her to join in the contract. He told her that he had done so, and again he admits she said nothing. It is evident, therefore, that she did not induce him to make the contract. He admits he knew she had an interest of some kind in the property, but did not know the extent of it. He took no steps to find out.

Because of his past conduct she consulted a lawyer as to her rights in the matter, and on being told that she had a right to ask payment for surrender of her dower interest, she made a request for $2,500. She did this by presenting to him a draft of authorization or order to the purchaser to pay her that sum, and asking him to sign it. This she says was about two weeks before the date for consummation. My recollection is that defendant thought it was immediately before the deed was to be delivered, but in any conflict of testimony between the two, complainant's testimony is entitled to the greater weight. Defendant's testimony was quite unsatisfactory and contained a number of contradictions, to some of which I have hereinbefore alluded.

Defendant refused to sign the order, or to consent to her receiving that sum, saying that he needed all the cash to pay off the obligations. Finally, at his lawyer's office, where the

consummation of the sale was to take place, the agreement already mentioned was made and the written promise signed by defendant, and the deed executed and delivered by the wife. This compromise bargain was suggested by defendant's own lawyer, accepted by defendant, and was accepted by complainant after calling up her attorney by telephone. It is evident, therefore, that there was no coercion or unfair conduct by the wife.

It was argued on behalf of defendant that this court would not entertain a suit of this kind where husband and wife are living together amicably (as is the case here). No authority was presented in support of such argument, and I do not understand that there is any such rule. Perhaps counsel had in mind the language of the opinion in *Black* v. *Black, 26 N. J. Eq. 295* (at *p. 297*), and repeated in the same case, *30 N. J. Eq. 215* (at *p. 225*). What was said there, however, was on the hypothesis of a very different situation, that of a wife who had deserted her husband without cause and was seeking the aid of equity to obtain possession of household furniture and the like, theretofore jointly used by both, but the title to which she claimed. Moreover, much of what was said by this court in that case has since been disapproved by the court of errors and appeals in *Neubeck* v. *Neubeck, 94 N. J. Eq. 167.*

Complainant's inchoate right of dower was her separate property. The husband's written promise, which she took in exchange for that right, is equally her separate property; it represents that dower interest. It was obtained without any unfairness on her part. To deny her relief would be to permit the husband practically to perpetrate a fraud upon her, by repudiating his honest obligation on the faith of which she surrendered her dower.

The bill asks for specific performance. While specific performance may be decreed as to personal property, it is only where particular reasons exist. None such are apparent here. Damages for the breach of the contract, however, may be awarded under the prayer for general relief, or, indeed, even without such prayer. *Chancery rule 60.*

The determination of the damages is a matter not without difficulty. By defendant's own testimony the book value of the stock, at the time of the breach, was about $103 each (it has since considerably increased). The retail price of a new sedan was $1,510; of a touring car $980. The agreement does not specify a new car, but, undoubtedly, must be construed to mean one in good condition. I think $2,000 is a just and fair figure for the damages. Interest is not allowable under the rule, not having been stipulated for. *Riker* v. *Riker, 83 N. J. Eq. 198.*

Costs will be allowed, including a counsel fee of one hundred and twenty-five dollars ($125).