ELIZABETH HOWELLS, complainant-respondent,

*v.*

GHERTINE RIPPERGER MARTIN et al., defendants-appellants.

[Argued February 3d, 1927.   Decided May 16th, 1927.]

1. In a proceeding to compel specific performance of an irrevocable agreement to make mutual wills the complainant, to maintain the action, must be the assignee of the alleged contract.

2. If the assignment is for a nominal consideration the assignor is disqualified, under section 4 of the Evidence act, from testifying to any transactions with, or statement by, his deceased co-covenantor, under authority of *Platner* v. *Ryan, Executor, 76 N. J. Law 239; Moosbrugger* v. *Swick, 86 N. J. Law 419.*

3. To establish an irrevocable contract to make mutual wills the claim that a legal obligation is assumed must be supported by something beyond the consent to make a will.   Citing *Eggers* v. *Anderson, 63 N. J. Eq. 264.*

4. A parol agreement to make irrevocable mutual wills because of the situation and relations of the parties to it and the consequent opportunity for the perpetration of fraud, is regarded with suspicion, and, when its enforcement is sought, is subjected to close scrutiny. It must not only be mutual, but also definite and certain both in its terms and as to its subject-matter, and it must be clearly proved. Citing and approving *Vreeland* v. *Vreeland, 53 N. J. Eq. 387; Tooker* v. *Vreeland, 92 N. J. Eq. 340.*

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, whose opinion is reported in *99 N. J. Eq. 657.*

*Mr. Clarence L. Cole,* for the appellants.

*Mr. Emerson Richards* and *Mr. John C. Reed,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

The original bill of complaint prayed a decree establishing a lost will.   Upon a hearing the learned vice-chancellor found

that it had been established that the will in question had been executed, but that the presumption of its revocation had not been overcome by the proofs.

. The bill was then amended by setting up some additional facts and enlarging the prayer by adding thereto one for the specific performance of a contract to make mutual wills.

After the amendment to the bill, Madaline Ripperger Martin, administratrix of Ellen Daley, was admitted as a party defendant by order of court.

Upon final hearing upon amended bill and answer, the vice-chancellor found in favor of the complainant-respondent and advised a final decree, which is now before us on this appeal.

The facts alleged in the amended bill are, that Robert Daley and Ellen Montgomery Barstow, a widow, were married June 8th, 1921; that they lived together until Mrs. Daley's death, September 4th, 1924; that Mrs. Daley was possessed of real and personal property and so was her husband; that in consideration of advancements of money by Mr. Daley in improving and repairing properties of his wife, his care and management thereof and his agreement to make and execute a will devising and bequeathing all his estate to his wife she would also make a will devising and bequeathing all her estate to her husband; that in compliance therewith they both made and executed their wills, in favor of each other on December 28th, 1922; that relying thereon, Robert Daley, the husband, continued to expend his moneys upon the properties of his wife and devote his time to the care and management thereof; that both wills were placed in the possession of Mrs. Daley for safekeeping; that upon her death diligent search failed to discover and find either of the wills; that in a robbery of their home in July, 1924, a valuable ring and papers, including the wills, had been stolen, and Mrs. Daley was taken sick August 5th, 1924, with the illness from which she died September 4th, 1924.

The defendants Ghertine Ripperger Martin and Madaline Ripperger Frazer, are the daughters and only children of Mrs. Daley by a former marriage, there having been no children born of her marriage with Robert Daley.

The complainant-respondent is a sister of Robert Daley, to whom he conveyed "all the personal property of which the said Ellen Montgomery Daley died seized" by a bill of sale dated November 10th, 1924, for the expressed, as well as actual consideration, of one dollar, and to whom he conveyed two parcels of real estate, of which his wife died seized, by a warranty deed bearing date November 10th, 1924, also for the expressed, as well as actual, consideration of one dollar.

The first attack upon the decree below is that the complainant-respondent is not the assignee of the alleged contract to make mutual wills.

Upon this ground alone the decree might well be reversed because there is no proof of an assignment from Robert Daley to the respondent of the alleged agreement of which he prays specific performance. We have no doubt but that the deed and bill of sale before referred to were in evidence, but these placed no right in the respondent to the proceedings in question or the reliefs prayed for.

The next ground of appeal is that the alleged contract to make wills was not sufficiently established.

In connection with this the competency of the testimony of Robert Daley is attacked. The evidence was not competent under section 4 of the Evidence act, and the conveyance by deed and bill of sale to respondent for nominal, considerations did not make Robert Daley a competent witness. *Platner* v. *Ryan, Executor, 76 N. J. Law 239; Moosbrugger* v. *Swick, 86 N. J. Law 419.*

The learned vice-chancellor in his conclusions gave no consideration to this testimony, and rightly so.

Excluding the testimony we are unable to reach the conclusion that an irrevocable contract to make mutual wills was established.

In *Eggers* v. *Anderson, 63 N. J. Eq. 264* (at p. *267*), this court, speaking through Mr. Justice Dixon, said: "If one should, under contract, execute a will and covenant not to change it, and afterwards should revoke it, substituting another, the latter only could be admitted to probate as a will; the other party would obtain redress only by securing at law or in equity such remedy for breach of the covenant as the

rules of those jurisdictions provide. From this mutability of wills it follows that if the whole scope of an arrangement is fulfilled by the mere making of a will, then nothing legally binding upon him who signs the instrument is contemplated, the obligatory force of a contract is not intended and he remains at liberty to change his mind. The claim that a legal obligation is assumed must be supported by something beyond the consent to make a will."

From the testimony there can be no question but that Mr. and Mrs. Daley both made wills, each in favor of the other, on December 28th, 1922.

If that was the extent of their contract then it was fully performed and there was nothing upon which to base the decree in question. And if that was the situation then the vice-chancellor was correct in concluding that the evidence was not sufficient to overcome the presumption of revocation.

In *Vreeland* v. *Vreeland, 53 N. J. Eq. 387* (at *p. 390*), it is said: "But a parol agreement of this character because of the situation and relations of the parties to it and the consequent opportunity for the perpetration of fraud, is regarded with suspicion, and, when its enforcement is sought, is subjected to close scrutiny. It must not only be mutual, but also definite and certain, both in its terms and as to its subject-matter, and it must be clearly proved. * * * So, also, it must plainly appear that that which is alleged as part performance is referable to and was consequent upon the contracts alone, for the purpose of carrying it into effect."

To the same effect is *Tooker* v. *Vreeland, 92 N. J. Eq. 340,* and the cases therein cited.

The remaining ground is that the decree is inappropriate but this becomes of no consequence as the decree must be and is reversed for the reasons and upon the grounds already indicated.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   10.