This is a suit by Emilie M. Ward, assignee of Anna H. Ringle, widow of the decedent, Valentine Ringle, for moneys loaned by the widow to the decedent. The assignment of the widow's claim is dated April 2d 1934. The Ringles were married December 15th, 1926. The defendant contends that this court is without jurisdiction and that the complainant had an adequate remedy at law. This contention is without force. This court has unquestionable exclusive original jurisdiction over the subject-matter. The action is based upon a contract made by the husband, decedent, with his wife; and, in order to recover, the complainant is required to show that a contract, either express or implied, existed between the said husband and his wife. Wood
v. Chetwood, 44 N.J. Eq. 64.
In the case cited, the court said: "Contracts between persons holding this relation to each other (husband and wife) still stand on their ancient footing — void at law but good in equity, if fair, and fairly obtained. * * * Courts of equity alone can give a remedy on a contract made between a husband and his wife, whether redress is sought by one of the original parties against the other, or by or against the legal representatives of one or both of the original parties."
The defendant challenges the right of complainant to recover and offers the statute of limitations as a bar. It *Page 310 
may be said the statute of limitations does bar the recovery of moneys loaned by the widow to the decedent six years prior to the date of the marriage; but it does not operate as a bar to a recovery for moneys loaned within the said period where the transactions are between husband and wife. There is ample authority in this state for such conclusion; and in support thereof may be cited the cases of Bennett v. Finnegan, 72 N.J. Eq. 155,
in which the court said: "As to the statute of limitations, I must hold it not applicable. This is on the authority of Yeomans v. Petty, 40 N.J. Eq. 495, decided by Vice-Chancellor Bird in 1885, and of Alpaugh v. Wilson,52 N.J. Eq. 424, decided by the same vice-chancellor in 1894, and affirmed on appeal for the reasons given by him. 52 N.J. Eq. 589.
These cases hold distinctly that, so far as relates to claims by the wife against the husband, the statute is not applicable, and they control this case." The same principle is enunciated in Collins v. Babbitt, 67 N.J. Eq. 165.
In Reeves v. Weber, 111 N.J. Eq. 454, the court of errors and appeals said: "We do not repudiate the doctrine enunciated in a long line of decisions of this court which hold that, based upon the public policy of preventing litigation between husband and wife, mere delay on the part of one spouse in bringing an action against the other during the continuance of the marital state does not constitute such `laches' as will deprive the injured spouse of his or her remedy against the other."
Both the assignor and assignee testified that the assignment was based upon a good and valuable consideration and was founded upon the promise of the assignee to maintain and support the assignor for and during the period of her life. Moosbrugger v.Swick, 86 N.J. Law 419. The assignment in the instant case, I find is for a valuable consideration, and the assignor, consequently, was not disqualified from testifying under section 4 of the Evidence act. Howells v. Martin, 101 N.J. Eq. 275.
In my opinion the complainant is entitled to recover for all loans made within the six-year period prior to the date *Page 311 
of the marriage; and, also, to such loans as were made subsequent to the marriage. The loans approximate the sum of $1,394.10. The complainant demands interest on the loans; but since there is no evidence in the case to indicate that there was an understanding or agreement as to it between the widow and the decedent, interest will not be allowed. Riker v. Riker, 83 N.J. Eq. 198.
I shall advise an order to conform with the conclusions herein expressed.