ALICE QUINLAN, complainant-appellant,

*v.*

FRANK X. QUINLAN, executor, &c., et al., defendants-respondents.

———

ALICE QUINLAN. respondent,

*v.*

FRANK X. QUINLAN, executor, &c., et al., appellants.

[Submitted June 21st, 1935.   Decided October 9th, 1935.]

———

*Mr. Thomas J. Armstrong,* for the complainant below.

*Mr. Robert H. Brenner,* for the defendants below.

The opinion of the court was delivered by

Parker, J.

The suit was by the widow of Robert Quinlan, deceased, against the executors of, and beneficiaries under his will, to recover real and personal property of which as between herself and her husband she claimed to be owner. In particular, as affecting this appeal, she claimed the proceeds of fifteen matured shares of a building and loan association as having been wrongfully paid to her husband and used by him. The vice-chancellor found for defendants as to all but the proceeds of the building loan shares, which he awarded to her without interest. From this award the defendants appeal. The complainant appeals solely from the refusal to award interest on the proceeds of the stock.

As to the defendants' appeal: the case in this aspect is mainly, if not entirely, one of fact. Complainant, under the proviso in section 4 of the Evidence act (*Comp. Stat.* (at *p. 2218*), was debarred from testifying to transactions with her deceased husband, but the vice-chancellor decided on the evidence before him that the stock had belonged to complainant, that her husband had received the proceeds, and that there was nothing to show that he had ever accounted to complainant for them. We think his conclusions were fully justified by the evidence, and on the defendants' appeal the decree will be affirmed.

As to the complainant's appeal: the vice-chancellor did not discuss the matter of interest in his memorandum, but cited *Ward* v. *McLellan, 116 N. J. Eq. 308,* on the statute of limitations. That case also held, on the authority of *Riker* v. *Riker, 83 N. J. Eq. 198,* that in the absence of evidence to indicate an understanding or agreement between husband and wife that interest should be paid, it would not be allowed. The case of *Fike* v. *Fike, 3 N. J. Mis. R. 485; 128 Atl. Rep. 849,* is to the same effect. We find no evidence of any such agreement. The bill claimed that the husband promised to apply the proceeds of the stock in reduction or payment of a mortgage on the Dwight street house (which complainant claimed was hers, but unsuccessfully) and had failed so to

apply it; but the case is barren of evidence on that score. Hence we are not called upon to decide what rule should be applied in case of a fraudulent conversion of the wife's money. Generally, the rule appears to be that as between husband and wife an agreement to pay interest will not be presumed from the mere fact that one had funds belonging to the other.

On complainant's appeal also, the decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 15.

*For reversal*—None.