57 N.J. Super. 347 (1959)
154 A.2d 741
JULIA LOHMANN, PLAINTIFF-APPELLANT,
v.
FREDERICK F. LOHMANN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1959.
Decided October 13, 1959.
*348 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. Harry Kay argued the cause for plaintiff-appellant.
Mr. Raymond W. Troy argued the cause for defendant-respondent (Messrs. Lum, Fairlie & Foster, attorneys; Mr. Theodore L. Abeles, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
Julia Lohmann instituted this action against her husband, Frederick F. Lohmann, for separate maintenance and for an accounting of her share of certain real estate, business partnership, mortgages, and bank accounts, and for reimbursement of moneys advanced by plaintiff for the payment of bills. The separate maintenance litigation was tried first and resulted in a judgment in her favor, entered June 27, 1956.
In treating of the property settlement, the following constitute the essential facts: The Lohmanns were married in 1925. Plaintiff had operated a rooming house and continued to do so after the marriage. The couple lived in her house. *349 Defendant was then operating a small restaurant and "speak-easy" under lease of premises at 3701-03 Park Avenue, Union City. Through a straw-man, they purchased the Park Avenue premises with their mutual funds and took title to the same as tenants by the entirety. The building contained the tavern on the first floor and six apartments upstairs. In 1933, at the end of Prohibition, defendant's operation was transformed into a duly licensed bar and restaurant. From 1927 to 1953 when the building was destroyed by fire, defendant collected all the rents from the apartments and retained the money for his personal use. He never paid plaintiff any rent for his business use of the first floor, basement and parking area.
On May 3, 1957 judgment was entered in the Chancery Division requiring the defendant to account to plaintiff for, among other things, her one-half interest in the rental value of, and the net rents, issues and profits derived from the Park Avenue premises. Plaintiff appealed from so much of that judgment as denied her an accounting in respect to her alleged partnership in the restaurant business. Defendant cross-appealed on the ground that, in the absence of an ouster or exclusion, he (as cotenant) should not have been held to account to plaintiff for the reasonable rental value of the business property.
The Appellate Division, by majority vote, affirmed the judgment, and there was no further appeal. It held that plaintiff failed to carry the burden of proving the existence of a partnership. On the husband's cross-appeal, the court held that the rents, issues and profits of business premises held by the entirety are owned by husband and wife as co-tenants, that the defendant had assumed control of the premises for his sole benefit, that his conduct amounted to an exclusion of plaintiff, and that consequently she was entitled to an accounting, covering a span of 30 years, of the net receipts from the apartments and of the rental value of his business occupancy. Lohmann v. Lohmann, 50 N.J. Super. 37 (App. Div. 1958).
*350 The judgment of May 3, 1957 ordered the defendant not only to account to plaintiff in respect of the business premises in Union City but to reimburse her for payments she made in connection with residential premises at 8 Hamilton Avenue, Weehawken. Plaintiff was directed to present a detailed account of the payments she made. This portion of the judgment was not reviewed on the prior appeal.
Following the affirmance of the judgment in the respects noted, defendant prepared an accounting of the total net rent and rental value of the business premises from 1927 to 1953. Plaintiff, for her part, submitted a schedule of the moneys owed her in connection with the Hamilton Avenue residence. For present purposes, it is important to note only that plaintiff filed an exception to the defendant's account because of its failure to include interest on the amount owed her, and the defendant excepted to plaintiff's account because it failed to credit him with the sum of $4,600 which plaintiff had taken from his safe.
A hearing on the accounting was held in the Chancery Division. After taking testimony (for the most part concerning the accuracy and propriety of the method used by defendant and his appraiser to compute the reasonable rental value of his business occupancy), the trial court entered judgment as follows: as to the business premises, that defendant account to plaintiff for one-half of $55,077.65, or $27,538.83, without interest; as to the residential premises, that defendant account to plaintiff for $4,528.41, but that he be allowed the credit of $4,600 claimed in his exceptions. On the whole accounting, then, judgment was entered in plaintiff's favor for $27,467.24.
Plaintiff appeals, contending error was committed in two respects: the disallowance of interest on the sum owed her from the business premises, and the allowance of the $4,600 credit to defendant.
We consider first the correctness of the trial ruling denying interest to the plaintiff. The question is whether, where property is held in cotenancy by husband and wife *351 and the husband has appropriated to his own use the rents, issues and profits therefrom, he may properly be charged with interest on the moneys withheld. We have concluded that the trial judge was justified in deciding that, under the circumstances of this case, defendant is not to be so charged, and we therefore express no opinion as to the proper rate of interest nor as to the time from which it would have been calculated. In connection with the last-mentioned subject, however, it should be observed that were simple interest to run at the legal rate from the time the rents were collected by defendant and from the time of his use of the premises as a restaurant and bar (i.e., annually from 1927), the amount found owing to plaintiff from defendant's failure to account as respects the business premises  $ 27,538.83  would be approximately doubled.
The inquiry has no lack of guiding rules. To the contrary, the controversy arises over which rule is to be applied to the facts of the case. Plaintiff, on the one hand, relies on the principle that a tenant in common, who is liable to his cotenants for rents collected from third persons, is also liable for interest. Cases to that effect are collected in Annots., "Accountability of cotenants for rents and profits or use and occupation," 27 A.L.R. 184, 247-48 (1923), 51 A.L.R.2d 388, 398, 411-12 (1957). Compare Buckelew v. Snedeker, 27 N.J. Eq. 82, 84 (Ch. 1876). Moreover, plaintiff develops the point that tenants by the entirety owe to the other a high degree of confidence and trust, that defendant has been found to have violated his trust (Lohmann v. Lohmann, supra, 50 N.J. Super., at page 52), and that, under Brown v. Home Development Co., 129 N.J. Eq. 172, 177 (Ch. 1941), interest is allowed against one guilty of misconduct, breach of trust, or dereliction of duty. See also 30 Am. Jur., Interest, § 15, pp. 15-16; 47 C.J.S. Interest § 13, p. 23.
On the other hand, defendant successfully urged in the trial court application of the rule announced in Riker v. Riker, 83 N.J. Eq. 198 (Ch. 1914), affirmed 83 N.J. Eq. *352 693 (E. & A. 1914), and followed in Quinlan v. Quinlan, 119 N.J. Eq. 94 (E. & A. 1935), to the effect that
"* * * as between husband and wife interest is not allowable during the continuance of the marriage relation unless it was specially stipulated for." (83 N.J. Eq., at page 200)
This proposition has been invoked most often in cases where the wife has loaned funds to the husband, the rationale being that except where the parties expressly agreed on the payment of interest on the loan, a denial of interest by the courts would seem to comport with their expectations. Van Inwegen v. Van Inwegen, 4 N.J. 46, 52 (1950); Riker v. Riker, supra; Ward v. McLellan, 116 N.J. Eq. 308, 311 (Ch. 1934). But the rule set forth is not limited to cases in which there has been a loan. See, e.g., Collins v. Babbitt, 67 N.J. Eq. 165, 177 (Ch. 1904), where the wife was denied interest on her share of the net rents of jointly owned property on the grounds that the parties were living together, the husband was supporting his wife, he was holding her share of the rents until he had accumulated a sufficient amount to make a payment on the mortgage, and, generally, it was not contemplated that the husband should pay interest on her share.
Beyond the fact that the rule, in the terms in which it has been cast, is not confined to loan contexts, we consider that there is little to be gained by having the question of interest turn upon the form of the transaction between husband and wife except in cases where the intentions of the parties in the matter of interest are clearly manifested. The present record is unsatisfactory in the latter respect. Although it is true that in the case of a loan there presumably existed an opportunity for the spouses to agree upon interest (hence if they failed to provide for it, the courts would not be justified in awarding it), it is our opinion that the result should depend more upon the conduct of the spouses in this particular case than upon the manner in which the one *353 came into possession of the other's funds. And we observe no distinction in principle between the case of a husband who misappropriates funds he received from his wife by virtue of a promise to expend them in a certain manner or by virtue of a loan (as in the above-cited cases), and the present case where the husband has failed in the first instance to turn over funds rightfully the property of the wife. In Riker v. Riker, particularly, the husband's conduct was just as indefensible, if not more so, than that of the defendant in the instant case; yet interest was denied.
Impelling us to this conclusion is the approach of the court in Quinlan v. Quinlan, supra. In that case the holder of the wife's share of proceeds wrongfully paid the funds to her husband. He used the proceeds as his own. In a suit by the wife against her husband's executors, she recovered the fund but was denied interest thereon on the basis of the rule espoused by defendant in the instant case. The court expressly reserved decision on "what rule should be applied in case of a fraudulent conversion of the wife's money." 119 N.J. Eq., at page 96.
Nor are we required to pass upon whether an award of interest would be proper in such a case. There was no showing by plaintiff of fraudulent conversion of her money. Plaintiff and defendant lived together as man and wife from 1925 until after the Park Avenue premises were destroyed by fire. Since defendant supported his wife during most of this time, it is not entirely unexplainable that he failed to render her an accounting of the rents and profits of the apartments. As to the occupancy of his own business, it was not fraudulent for him to fail to pay her one-half of the reasonable rental value. Indeed, it should be noted that plaintiff contended in the prior Lohmann appeal, supra, that she was a partner in his establishment.
Considering all the circumstances of the case, especially the fact that plaintiff is now to receive in any event a substantial sum representing economic gain from the property, we find no improper action on the part of the trial *354 judge in refusing to impose a penalty on the defendant by way of interest. See, generally, Consolidated Police, etc., Pension Fund Commn. v. City of Passaic, 23 N.J. 645, 651-52 (1957); Jardine Estates, Inc. v. Donna Brook Corp., 42 N.J. Super. 332, 340-341 (App. Div. 1956).
Plaintiff's second point is that the court erred in crediting defendant with the sum of $4,600 which plaintiff admitted taking from defendant's safe. Two objections are taken to the trial judge's action in this respect: (1) that plaintiff was entitled to take the money from the safe in that defendant failed to support her from November 1952 to November 1954; and (2) the court had no jurisdiction to enter the credit, the subject not having been foreshadowed by the pleadings or pretrial order.
During the hearing prior to the first Lohmann appeal, plaintiff testified she had taken $4,600 from the safe, deeming it part of the proceeds to which she was entitled from the sale of other realty they had owned jointly. At the conclusion of that hearing, however, the trial judge stated in his letter opinion that any interest she had in such proceeds had been preserved in the purchase of 8 Hamilton Avenue, which she continued to hold by the entirety with defendant. No appeal was taken from this determination.
At the supplemental hearing on the accounting, plaintiff changed her position and contended that she was entitled to take the $4,600 because defendant had failed to support her in the period preceding the entry of any judicial order for support. (The $4,600 amount was brought into the accounting part of the case by the defendant's filing an exception to plaintiff's account in failing to credit him with that sum.)
So far as the merits of plaintiff's claim to the money are concerned, it has previously been adjudged that she took this money wrongfully. Moreover, even were we to assume that plaintiff is not barred from raising the issue by the failure to appeal therefrom, she was still not entitled to go into her husband's safe without his knowledge and consent *355 and help herself to whatever sum she might have felt entitled to as support.
While the $4,600 credit was not injected into the case by the pleadings or pretrial order, it was expressly stated in defendant's exceptions, and testimony was received in connection with the item at both hearings. At the second hearing, plaintiff's counsel at first objected to the allowance of the credit on the ground that plaintiff had the right to the money as support. No objection to the jurisdiction of the court to enter the credit was made until near the close of the hearing, by which time plaintiff's contradictory assertions of her right to keep the money had been fully aired. The court's allowance of the credit in the interests of "a just accounting" was entirely consistent with R.R. 4:15-2, which permits the pleadings and pretrial order to be amended where the objecting party fails to satisfy the court that the admission of evidence would prejudice him in meeting the issue.
Although defendant's counsel moved to amend the pleadings to conform with the proofs and the trial judge stated in response thereto that he could do so upon his own motion, it appears that no amendments were ordered. We therefore direct that the complaint and pretrial order be amended and that a judgment of affirmance be entered on the record as amended.
So ordered.